IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KIM SUZANNE LINDVALD, | ) | CIVIL NO.  06-00011 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER ADOPTING MAGISTRATE |
| | ) | JUDGE'S FINDINGS AND |
| vs. | ) | RECOMMENDATION TO DISMISS |
| | ) | AMENDED COMPLAINT AND |
| DEPARTMENT OF PUBLIC | ) | DENY MOTIONS FOR |
| SAFETY, et al., | ) | TEMPORARY RESTRAINING |
| | ) | ORDER, PRELIMINARY |
| Defendants. | ) | INJUNCTION, AND ACCESS TO |
| _____ | ) | LAW LIBRARY |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATION TO DISMISS AMENDED COMPLAINT AND
DENY MOTIONS FOR TEMPORARY RESTRAINING ORDER,
<u>PRELIMINARY INJUNCTION, AND ACCESS TO LAW LIBRARY</u>

I.  <u>INTRODUCTION</u>

Pro se Plaintiff Kim Suzanne Lindvald ("Lindvald") objects to

Magistrate Barry M. Kurren's Findings and Recommendations ("F&R") to Dismiss

Amended Complaint and Deny Motions for Temporary Restraining Order,

Preliminary Injunction, and Access to Law Library.   Magistrate Judge Kurren

recommends to this court that: 1) Lindvald's Amended Complaint be dismissed for

failure to state a claim, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B); 2)

Lindvald's Motion for Temporary Restraining Order be denied; and 3) Lindvald's

Motion for Access to the law library be denied.  Magistrate Judge Kurren

recommends that Lindvald be given forty-five days from the date of this court's

Order to file an amended complaint to cure deficiencies, if possible.

      Applying a de novo standard of review, and after having reviewed the

files and pleading in this case, the court adopts the Magistrate Judge's F&R, but

will provide Lindvald forty-five days from the date of this Order to file any

amended complaint.

## II.  BACKGROUND

      Lindvald initiated this civil rights action pursuant to 42 U.S.C. § 1983

on January 10, 2006.  She filed her second amended complaint (SAC), now before

this court, on March 2, 2006.[1]  The SAC names the following defendants: 1) the

State of Hawaii Department of Public Safety (DPS); 2) DPS psychologist Dr. John

Pertzer; 3) case manager Haneefbilal Shafiq; and 4) Shafiq's supervisor, John

Tumminello.  The named individuals were sued in the individual and official

capacities.  On March 8, 2006, Lindvald's application to proceed in forma pauperis

was granted.

---

[1]Although Lindvald labeled the March 2, 2006 complaint a "First Amended Complaint,"
in fact she filed a first amended complaint on January 30, 2006.  The March 2 complaint is in fact
her second amended complaint.

On June 14, 2006, Lindvald filed a motion for temporary restraining order and for preliminary injunction, and on July 14, 2006, she filed a motion for access to law library.  By order dated June 26, 2006, the motion for a temporary restraining order and the motion for a preliminary injunction was referred to United States Magistrate Judge Barry M. Kurren for hearing pursuant to 28 U.S.C. §§ 636(b)(1)(b) and 636(b)(3) and Local Rule 72.4.

Magistrate Judge Kurren held a hearing on July 21, 2006 on the motions for temporary restraining order, preliminary injunction, and access to law library.  Lindvald appeared telephonically.  On July 24, 2006, Magistrate Judge Kurren entered his F&R to Dismiss Amended Complaint and Deny Motions for Temporary Restraining Order, Preliminary Injunction, and Access to Law Library.

It is unclear if Lindvald has objected to the F&R.  The court received a letter from Lindvald dated July 31, 2006 (and filed on August 7, 2006).  The letter does not raise any specific objections to the F&R.  Instead, it appears to repeat many of the incoherent themes contained in the SAC.  Nonetheless, given Lindvald's pro se status, the court will treat the July 31, 2006 letter as an objection to the entire F&R.  The court also received an August 10, 2006 letter from

3

Lindvald requesting more than thirty days to file any amended complaint.[2]   The

court will treat this letter as a motion for extension of time.

## III.   STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or

recommendations, the district court must review de novo those portions to which

the objections are made.   *United States v. Raddatz*, 447 U.S. 667, 673 (1980);

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)

("[T]he district judge must review the magistrate judge's findings and

recommendations de novo if objection is made, but not otherwise."); 28 U.S.C. §

636(b)(1).   The district court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge."   28 U.S.C.

§ 636(b)(1).   De novo review means the court must consider the matter anew, as if

it had not been heard before and as if no decision previously had been rendered.

*United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).   The district court

need not hold a de novo hearing; however, it is the court's obligation to arrive at its

own independent conclusion about those portions of the magistrate judge's

findings or recommendation to which a party objects.   *United States v. Remsing*,

---

[2]In this August 10, 2006 letter, Lindvald states that she may file a habeas action in state court.  To be clear, this Order does not set a time frame by which Lindvald may file any action in state court; it only sets a deadline to file an amended complaint, if any, in this court.

874 F.2d 614, 616 (9th Cir. 1989).  As stated *supra*, given Lindvald's pro se status, the court will treat her July 21, 2006 letter as an objection to the entire F&R.

## IV.  ANALYSIS

Applying a de novo standard of review, the court adopts Magistrate Judge Kurren's thoughtful, thorough, and reasoned F&R.  Magistrate Judge Kurren reviewed each claim in Lindvald's SAC and applied a reasoned analysis based on controlling authority.  An independent and de novo review of the F&R, along with the pleadings in this case, leads this court to a firm determination that Magistrate Judge Kurren's F&R is correct in all respects.

The Court ADOPTS the Findings and Recommendation to Dismiss Amended Complaint and Deny Motions for Temporary Restraining Order, Preliminary Injunction, and Access to Law Library.

## V.  CONCLUSION

This Court adopts the Findings and Recommendation in its entirety. The Court, however, clarifies the Magistrate's Findings as follows:

1.     Claims for damages against Defendants named in their official capacities are DISMISSED without leave to amend.

2.     Insofar as Lindvald's claims seek release on parole, such claims are DISMISSED without leave to amend in this action, but without prejudice to

bringing these claims in a petition for writ of habeas corpus, after proper judicial exhaustion in the state court.

If Lindvald is simply challenging the procedures used to deny her parole, such claims are DISMISSED for failure to state a claim, with leave granted to amend. *See* Findings and Recommendation at 12 n.9.

3.     Lindvald's claim in Count 5 as discussed in the F&R at page 12 for denial of access to the court to resolve her traffic violations is DISMISSED with prejudice and without leave to amend as legally frivolous.

4.     To the extent that Lindvald's claims in Counts 3, 6, 8, & 11 as discussed in the F&R at pages 21-25 relate to the denial of prison grievances, these claims are DISMISSED with prejudice and without leave to amend, for failure to state a claim and as legally frivolous.

5.     Although the Court has grave doubts that amendment to the claims discussed in the F&R at pages 12-21 is possible, and although it appears that such amendment would be futile in light of the Magistrate's Findings and Recommendation, these claims, as they relate to the disclosure of her medical records to the Hawaii Paroling Authority, to her Public Defender, and to their placement in her prison institutional file, are DISMISSED for failure to state a claim, with leave granted to amend if possible.

6.      Lindvald's claims in Counts 7 and 9 as discussed in the F&R at pages 25-30 are DISMISSED for failure to state a claim and for failure to provide a short plain statement showing that she is entitled to relief, with leave granted to amend, if possible.

7.      Lindvald's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED.

8.      Lindvald's motion for an extension of time (Docket No. 58) is GRANTED.  Lindvald is given forty-five [45] days from the date of this Order, until October 10, 2006, to file an amended complaint in accordance with the directions of the F&R and this Order to cure the deficiencies of her claims, if possible.  Failure to file an amended complaint within forty-five days, or failure to sufficiently cure the deficiencies in her claims, will result in DISMISSAL of this action with prejudice for failure to state a claim.  This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).  If Lindvald does not file an amended complaint by October 6, 2006, the clerk's office is directed to close this case without further court order.

9.      The Clerk is DIRECTED to send Lindvald a prisoner civil rights complaint form so that she may amend her amended complaint.  If Lindvald decides to amend her complaint pursuant to the F&R and this Order, the amended

complaint must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference."  Local Rule LR10.3.  The document must bear the docket number assigned this case and must be clearly labeled "Third Amended Complaint."

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 23, 2006.

J. Michael Seabright
United States District Judge

*Lindvald vs. Department of Public Safety, et al.,* 60CV00011, Order Adopting Magistrate Judge's Findings and Recommendations to Dismiss Amended Complaint and Deny Motions for Temporary Restraining Order, Preliminary Injunction, and Access to Law Library